UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ABELARDO BERROTERAN,<br><br>Plaintiff,<br><br>v.<br><br>QUIRK AND TRATOS, WESTERN GLOBAL COMMUNICATIONS, PAUL ANDERSON,<br><br>Defendants. | Case No. 2:21-cv-00396-RFB-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Appointment of Counsel. ECF No. 10. No response to Plaintiff's Motion will be filed as no Defendant has been served with Plaintiff's Complaint.

On March 11, 2021, the Court entered an Order requiring the Clerk of Court to send to Plaintiff the approved application to proceed *in forma pauperis* by a non-prisoner and the instructions for the same. ECF No. 3. That Order also stated that Plaintiff had 30 days from the date of the Order to file a complete *in form pauperis* application on the correct Court form or pay the filing fee of $402. *Id*. The Order was returned to the Court as undeliverable on April 7, 2021. ECF No. 4. On April 15, 2021, Plaintiff filed a change of address and subsequently paid the $402 filing fee. ECF Nos. 5 and 7. A summons was issued for one defendant on April 20, 2021 (ECF No. 8), but service of the summons was not filed with the Court, and no defendant has appeared in this case.

Plaintiff does not have a constitutional right to appointment of counsel. *Lassiter v. Dep't of Soc. Servs. of Durham Cty.*, 452 U.S. 18, 25 (1981). A federal court can appoint counsel for civil litigants only when exceptional circumstances are present. 28 U.S.C. § 1915(e)(1); *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether exceptional circumstances exist, the Court considers "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). These two prongs are viewed in conjunction.

*Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Here, Plaintiff has not demonstrated there is a claim that may proceed before the Court as Plaintiff has not demonstrated he served Defendants and thus, at best, consideration of Plaintiff's request for counsel is premature.

Rule 4 of the Federal Rules of Civil Procedure establishes the process for serving complaints filed in federal court. Subsection 4(c) states, in pertinent part, that "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Rule 4(m) states, in pertinent part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." (Emphasis added.) Plaintiff has not demonstrated any named defendant has been served with his Complaint. The Court notes, however, that the Complaint was held in abeyance until Plaintiff either filed a complete *in forma pauperis* application or paid the filing fee. Despite the payment of the filing fee, the Complaint was never filed.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel, ECF No. 10 is DENIED as premature. Plaintiff may renew his Motion, if he chooses to do so, after Plaintiff files a return of service of his Complaint on at least one defendant.

IT IS FURTHER ORDERED that the Clerk of Court shall file Plaintiff's Complaint (ECF No. 1-1) immediately.

IT IS FURTHER ORDERED that Plaintiff has 90 days from the date of this Order to obtain summonses and serve each Defendant with the Summons and Complaint in accordance with Fed. R. Civ. P. 4.

Dated this 14th day of September, 2021

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE