UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ABELARDO BERROTERAN,<br><br>Plaintiff,<br><br>v.<br><br>QUIRK AND TRATOS et al.,<br><br>Defendants. | Case No. 2:21-cv-00396-RFB-EJY<br><br>**ORDER** |

Before the Court are two motions that seek the same relief: Plaintiff's first motion for entry of clerk's default against Defendant Microsoft (ECF No. 21) and Plaintiff's second motion for entry of clerk's default against Defendant Microsoft (ECF No. 22). For the reasons stated below, these motions are denied.

**I.     Procedural History**

Plaintiff commenced this *pro se* patent infringement case by applying to proceed in forma pauperis (IFP) along with the case initiating documents on March 9, 2021. ECF No. 1. On March 11, 2021, The Court ordered Plaintiff to resubmit his improperly completed application and granted him thirty days to do so. ECF No. 3. On September 13, 2021, Plaintiff moved for appointment of counsel. ECF No. 10. On September 14, 2021, The Court denied Plaintiff's motion as premature. ECF No. 12. The Court also gave Plaintiff ninety days to "obtain summonses and serve each Defendant with the Summons and Complaint in accordance with Fed. R. Civ. P. 4." Id.

On September 14, 2021, Plaintiff filed his Complaint raising patent infringement claims

against Defendants Quirk and Tratos, Western Global Communications, and Paul Anderson. ECF No. 13. On January 3, 2021, Plaintiff filed his Amended Complaint with Jury Demand, and added Microsoft as a Defendant. ECF No. 16. On January 10, 2022, Summons were issued as to Defendant Microsoft. ECF No. 20. On February 14, 2022, Plaintiff filed his first Motion for Entry of Clerk's Default against Microsoft. ECF No. 21. On February 22, 2022, Plaintiff filed a second Motion for Entry of Clerk's Default against Microsoft. ECF No. 22. Plaintiff submitted an affidavit in support of his motion, noting that he sent a copy of the summons and amended complaint by certified mail addressed to "Asst. General Counsel Michael Allen, Attorney" in Redmond, Washington. ECF No. 22.

II. Legal Standard

A. Default Judgment

The granting of a default judgment is a two-step process directed by Rule 55 of the Federal Rules of Civil Procedure. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step is an entry of default, which must be made by the clerk following a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).

The second step is entry of a default judgment under Rule 55(b), a decision which lies within the discretion of the court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel, 782 F.2d at 1471-72. If an entry of default is made, the court accepts all well-pleaded factual allegations in the complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded will not be deemed admitted by the defaulted party. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007).

B. Service

"Service of process" is the legal term describing a formal delivery of documents giving the defendant notice of a pending lawsuit. Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, (1988); Charles A. Wright & Arthur R. Miller, 4A Federal Practice & Procedure, § 1094 (4th ed. 2015) (noting that the purpose of service is to give a defendant sufficient notice of the proceedings).

Individuals may be served by: (1) following the laws governing service of process in the state where the district court is located or where service is made; or (2) delivering a copy of the summons and complaint to the individual personally, an authorized agent, or a person of suitable age and discretion residing with the individual. See Fed. R. Civ. P. 4(e).

Federal Rule of Civil Procedure 4(h)(1) states that a corporation or association must be served in the manner that individuals are served pursuant to Rule 4(e)(1) or by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ."

Nevertheless, the Ninth Circuit has held that "the provisions of Rule 4 should be given a liberal and flexible construction." See United Food & Commercial Workers Union Local 197 v. Alpha Beta Food Co., 736 F.2d 1371 (9th Cir. 1984). Additionally, Courts in this Circuit must be more solicitous of the rights of *pro se* litigants, particularly when "technical jurisdictional requirements are involved;" dismissal of a complaint on the grounds that service was improper is frowned upon. Borzeka v. Heckler, 739 F.2d 444, 447 n. 2 (9th Cir. 1984).

### III. Discussion

#### A. Motions for Entry of Clerk's Default

The Court understands Plaintiff's motions to seek the same relief: entry of Clerk's default as to Defendant Microsoft. Plaintiff requests that the Clerk of Court enter an order for default judgment as Defendant Microsoft did not appear in the action 45 days after alleged service; indeed, Microsoft did not appear until July 13, 2021, when its counsel entered their appearance.

A prerequisite to be able to "plead or otherwise defend" in a civil action is adequate service. Plaintiff's attempt to serve Microsoft by certified mail does not satisfy personal service, and even

if certified mail could suffice, there is no showing that the person or persons who signed the certified return receipts are people qualified under Rule 4 to accept service on behalf of this corporate Defendant. The Court finds that entry of clerk's default is unavailable in this case because service was improper. Still, the Court will not dismiss the plaintiff's complaint at this juncture. Defendant Microsoft has appeared in this matter and does not seem currently prejudiced by delays in service; furthermore, deciding cases on the merits is strongly favored. The Court notes that Defendant Microsoft has already filed a Motion to Dismiss that the Court will consider in due course. ECF No. 25.

### IV.     Conclusion

For the reasons stated herein, IT IS SO ORDERED that Plaintiff's Motions for Entry of Clerk's Default (ECF Nos. 21, 22) are DENIED.

**DATED:** September 27, 2022

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**