UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ABELARDO BERROTERAN, | Case No. 2:21-cv-00396-RFB-EJY |
| Plaintiff, | **ORDER** |
| v. | |
| QUIRK AND TRATOS et al., | |
| Defendants. | |

    Before the Court is one motion: Defendant Microsoft ("Microsoft")'s Motion to Dismiss. ECF No. 25. For the reasons stated below, the Court grants the Motion.

**I.    Procedural History**

    Plaintiff commenced this pro se patent infringement case by applying to proceed in forma pauperis (IFP) along with the case initiating documents on March 9, 2021. ECF No. 1. On March 11, 2021, The Court ordered Plaintiff to resubmit his improperly completed application and granted him thirty days to do so. ECF No. 3. On April 5, 2021, Plaintiff filed a change of address and subsequently paid the filing fee. ECF Nos. 5, 7.

    On September 13, 2021, Plaintiff moved for appointment of counsel. ECF No. 10. On September 14, 2021, The Court denied Plaintiff's motion as premature. ECF No. 12. The Court also gave Plaintiff ninety days to "obtain summonses and serve each Defendant with the Summons and Complaint in accordance with Fed. R. Civ. P. 4." Id. On September 14, 2021, Plaintiff filed his Complaint raising patent infringement claims against Defendants Quirk and Tratos, Western Global Communications, and Paul Anderson. ECF No. 13. On January 3, 2021, Plaintiff filed his Amended Complaint with Jury Demand, and added Microsoft as a Defendant. ECF No. 16. On

January 10, 2022, Summons were issued as to Defendant Microsoft. ECF No. 20.  Also on January 10, 2022, Plaintiff filed another Amended Complaint (without leave of Court).  On February 14, 2022, Plaintiff filed his first Motion for Entry of Clerk's Default against Microsoft. ECF No. 21. On February 22, 2022, Plaintiff filed a second Motion for Entry of Clerk's Default against Microsoft. ECF No. 22.

Plaintiff submitted an affidavit in support of his motion, noting that he sent a copy of the summons and amended complaint by certified mail addressed to "Asst. General Counsel Michael Allen, Attorney" in Redmond, Washington. Id.  On July 13, 2022, Microsoft filed the instant Motion to Dismiss.  ECF No. 25.  On July 13, 2022, Microsoft filed a response to Plaintiff's Motion for Entry of Clerk's Default.  ECF No. 26.  On August 12, 2022, Plaintiff filed a Motion for Appointment of Counsel.  ECF No. 29.  The Court denied the motion.  ECF No. 30.  On August 29, 2022, Plaintiff filed his response to Microsoft's Motion to Dismiss.  ECF No. 31.  On September 2, 2022, Microsoft filed its reply. ECF No. 32.  On September 27, 2022, the Court denied Plaintiff's Motions for Clerk's Default.  ECF No. 33.

On December 8, 2022, Plaintiff filed a Motion requesting a Rehearing of his Motion for Appointment of Counsel (ECF No. 29).  ECF No. 35.  On December 9, 2022, Microsoft filed a response to the Motion for Rehearing. ECF No. 36 On January 27, 2023, the Court notified the parties that a hearing would be held on February 17, 2023, on Microsoft's Motion to Dismiss (ECF No. 25).  ECF No. 37. Plaintiff did not appear at the hearing.  ECF No. 39.  On the record, the Court granted Microsoft's Motion, and dismissed the case for lack of subject matter jurisdiction. Id.  The Court clarified that for Plaintiff's benefit, it would issue a short order, and that Plaintiff would be able to move for reconsideration, if he so chose.  Id.   This order follows.

II.     **Legal Standard**

A. **Motion to Dismiss for Lack of Subject Matter Jurisdiction**

To invoke a federal court's limited subject matter jurisdiction, a complaint need only provide "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Ordinarily, the court will accept the plaintiff's factual allegations as true unless they are contested by the defendant. Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014). A defendant

2

may move to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). If subject matter jurisdiction is challenged, the burden is on the party asserting jurisdiction to establish it. In re Dynamic Random Access Memory Antitrust Litigation, 546 F.3d 981, 984 (9th Cir. 2008) (citations omitted). Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction. Id. at 984-85.

### III.     Discussion

In his Amended Complaint, Plaintiff seeks the following claims for relief: (1) Injunctive relief prohibiting anyone except the United States government from using any information related to Plaintiff's provisional patent and 3-D technology until resolution of this case; (2) Compensatory and Punitive damages for 50% of all sales that Defendants made using Plaintiff's provisional patent, and (3) any other relief the Court deems just and proper. ECF No. 16. Plaintiff alleges that in 1982 he began working on the "5 points perspective" measurement of space and time, and that he was eventually awarded a provisional patent. Id. Plaintiff alleges that various malfeasant actors, including former business partners and lawyers under contract, threatened his life, robbed him, and harmed him in their attempts to gain control of his invention. Id. Most of these alleged events took place in the 1990s. Id. Plaintiff alleges he sent Microsoft a cease-and-desist letter in July of 2021, requiring Microsoft to stop infringing on Plaintiff's patent. Id.

A suit for patent infringement must "be brought by a party holding legal title to the patent." Propat Int'l Corp. v. Rpost, Inc., 473 F.3d 1187, 1189 (Fed. Cir. 2007); 35 U.S.C. § 281. Furthermore, there is generally a six-year statute of limitations for all patent infringement claims. See 35 U.S.C. § 286 (noting that the tolling period is the shorter of (i) six years or (ii) the time between the receipt of the claim by the government and the mailing of a notice of denial of the claim by that agency or department).

Here, Plaintiff does not hold any patent. He once held a patent for the "five points" technology he describes in his complaint. The Court takes judicial notice of publicly available administrative records of the U.S. Patent and Trademark Office ("USPTO"). Mack v. South Bay Beer Distrib., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986) (finding that "court[s] may take judicial

1 notice of 'records and reports of administrative bodies'"), overruled on other grounds by Astoria
2 Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104 (1991)).

Plaintiff held Patent No. 6,002,405 between 1999 and 2003 ("Method for creating a graphic work using a five point perspective system and a graphic work produced by the method."). ECF No. 25-2. The patent was issued on December 14, 1999. Id. The patent expired on December 14, 2003 for failure to pay the required maintenance fee. Id.

Plaintiff does not challenge the accuracy of Microsoft's exhibits and does not provide evidence that the patent is still active. Plaintiff also failed to attend the hearing set by the Court on Microsoft's Motion. Indeed, the allegations in the complaint only relate to a provisional application from the 1990s. Plaintiff also does not allege that there is a pending administrative filing that would require the statute of limitations to be tolled. "Because the rights flowing from a patent exist only for the term of the patent, there can be no infringement once the patent expires." Kearns v. Chrysler Corp., 32 F.3d 1541, 1550 (Fed. Cir. 1994); see also Demodulation, Inc. v. United States, 118 Fed. Cl. 69, 75 (2014) (finding plaintiff was not entitled to damages for alleged acts of infringement after the expiration of his patent).

Therefore, the Court must dismiss the case with prejudice. The Court lacks subject matter over the dispute, as it is time barred; furthermore, Plaintiff cannot bring patent infringement claims when he does not hold an active patent and the patent, he once held expired nearly twenty years ago.

**IV.  Conclusion**

For the reasons stated herein, IT IS SO ORDERED that Defendant Microsoft's Motion to Dismiss (ECF No. 25) is GRANTED and Plaintiff's Amended Complaint (ECF No. 16) is DISMISSED WITH PREJUDICE as the Court lacks subject matter jurisdiction over the dispute and amendment would be futile.

/
/
/
/

As Plaintiff is pro se, the Court further notes that he may file a Motion for Reconsideration of this order if he so chooses.

**DATED:** March 20, 2023

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**