1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

7   ABELARDO BERROTERAN,                    Case No. 2:21-cv-000396-RFB-EJY

8              Plaintiff,                            **ORDER**

9        v.

10  QUIRK AND TRATOS et al.,

11             Defendants.

12
13
14
15
16
17

Before the Court are two motions: *pro se* Plaintiff Berroteran's Motion for Rehearing for Appointment of Counsel and Motion for Reconsideration. ECF Nos. 35, 40. The Court construes the Motion for Rehearing for Appointment of Counsel as an Objection/Appeal of the Magistrate Judge's Order (ECF No. 30). For the reasons stated below, the Court denies both motions.

18  **I.   PROCEDURAL HISTORY**

19           Plaintiff commenced this *pro se* patent infringement case by applying to proceed *in forma*
20  *pauperis* along with the case initiating documents on March 9, 2021. ECF No. 1. On March 11,
21  2021, The Court ordered Plaintiff to resubmit his improperly completed application and granted
22  him thirty days to do so. ECF No. 3. On April 5, 2021, Plaintiff filed a change of address and
23  subsequently paid the filing fee. ECF Nos. 5, 7. On September 13, 2021, Plaintiff moved for
24  appointment of counsel. ECF No. 10. On September 14, 2021, The Court denied Plaintiff's motion
25  as premature. ECF No. 12. The Court also gave Plaintiff ninety days to "obtain summonses and
26  serve each Defendant with the Summons and Complaint in accordance with Fed. R. Civ. P. 4." Id.
27  On September 14, 2021, Plaintiff filed his Complaint raising patent infringement claims against
28  Defendants Quirk and Tratos, Western Global Communications, and Paul Anderson. ECF No. 13.

1   On January 3, 2021, Plaintiff filed his Amended Complaint with Jury Demand, and added

2   Microsoft as a Defendant.[1] ECF No. 16. On January 10, 2022, Summons were issued as to

3   Defendant Microsoft. ECF No. 20. Also on January 10, 2022, Plaintiff filed another Amended

4   Complaint (without leave of Court). On February 14, 2022, Plaintiff filed his first Motion for Entry

5   of Clerk's Default against Microsoft. ECF No. 21. On February 22, 2022, Plaintiff filed a second

6   Motion for Entry of Clerk's Default against Microsoft. ECF No. 22.

7           Plaintiff submitted an affidavit in support of his motion, noting that he sent a copy of the

8   summons and amended complaint by certified mail addressed to "Asst. General Counsel Michael

9   Allen, Attorney" in Redmond, Washington. Id. On July 13, 2022, Microsoft filed the instant

10  Motion to Dismiss. ECF No. 25. On July 13, 2022, Microsoft filed a response to Plaintiff's Motion

11  for Entry of Clerk's Default. ECF No. 26. On August 12, 2022, Plaintiff filed a Motion for

12  Appointment of Counsel. ECF No. 29.

13          Magistrate Judge Elayna Youchah denied the motion. ECF No. 30. The Order was mainly

14  based on a finding that there was a "strong possibility that Plaintiff is unlikely to succeed on the

15  merits of his Complaint not merely because he failed to serve defendants, but substantively because

16  Plaintiff's claims are based on a provisional patent that expired six years before Plaintiff's claims

17  were filed." Id. On August 29, 2022, Plaintiff filed his response to Microsoft's Motion to Dismiss.

18  ECF No. 31. On September 2, 2022, Microsoft filed its reply. ECF No. 32. On September 27,

19  2022, the Court denied Plaintiff's Motions for Clerk's Default. ECF No. 33.

20          On December 8, 2022, Plaintiff filed a Motion requesting a Rehearing of his Motion for

21  Appointment of Counsel (ECF No. 29). ECF No. 35. On December 9, 2022, Microsoft filed a

22  response to the Motion for Rehearing. ECF No. 36 On January 27, 2023, the Court notified the

23  parties that a hearing would be held on February 17, 2023, on Microsoft's Motion to Dismiss (ECF

24  No. 25). ECF No. 37. Plaintiff did not appear at the hearing. ECF No. 39. On the record, the Court

25  granted Microsoft's Motion, and dismissed the case for lack of subject matter jurisdiction. Id. The

26  Court clarified that for Plaintiff's benefit, it would issue a short order, and that Plaintiff would be

27

28          [1] Microsoft was terminated as a defendant in this case on March 20, 2023. See ECF No.
    41. For consistency, within this order "Defendant Microsoft" will be used throughout.

1    able to move for reconsideration, if he so chose. Id.

2         On March 8, 2023, Plaintiff filed a Motion for Reconsideration. ECF No. 40. On March

3    20, 2023, the Court issued a short order dismissing the Amended Complaint. ECF No. 41.

4    Specifically, this Court found it lacked subject matter jurisdiction over the dispute as it is time

5    barred and, furthermore, that Plaintiff cannot bring a patent infringement claim without an active

6    patent. Id. Taking judicial notice of publicly available administrative records of the U.S. Patent

7    and Trademark Office, this Court found the patent at issue expired nearly twenty years ago for

8    failure to pay the required maintenance fee. Id.; Mack v. South Bay Beer Distrib., Inc., 798 F.2d

9    1279, 1282 (9th Cir. 1986) (finding that "court[s] may take judicial notice of 'records and reports

10   of administrative bodies'"), overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v.

11   Solimino, 501 U.S. 104 (1991)).

12        Subsequently, on August 7, 2023, Plaintiff filed Motion to Issue a Subpoena. ECF No. 44.

13   The Court denied the motion, finding "conducting discovery at this juncture is not justified and is

14   therefore stayed." ECF No. 45.

15

16   **II.     LEGAL STANDARD**

17        **A.  Objection to a Magistrate's Order**

18        When a pretrial matter not dispositive of a party's claim or defense is referred to a

19   magistrate judge to hear and decide, the magistrate judge must promptly conduct the required

20   proceedings and, when appropriate, issue a written order stating the decision. Fed. R. Civ. Pro.

21   72(a). A party may serve and file objections to the order within 14 days after being served with a

22   copy. Id. A party may not assign as error a defect in the order not timely objected to. Id. The district

23   judge in the case must consider timely objections and modify or set aside any part of the order that

24   is clearly erroneous or is contrary to law. Id.

25        The Court may reconsider pretrial matters decided by a magistrate judge only if it has been

26   established that the magistrate judge's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); LR IB 3-1. This standard is deferential. "A finding is clearly erroneous

27   if it is (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from

28

the facts in the record." <u>Ibrahim v. U.S. Dep't of Homeland Sec.</u>, 835 F.3d 1048, 1058 (9th Cir. 2016) (citation and quotation marks omitted). Under the contrary to law standard "[t]he reviewing court may not simply substitute its judgment for that of the deciding court." <u>Grimes v. City and Cty. of San Francisco</u>, 951 F.2d 236, 241 (9th Cir. 1991) (citation omitted).

**B.  Motion for Reconsideration**

A motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within 28 days of entry of judgment. "Otherwise it is treated as a Rule 60(b) motion for relief from a judgment or order." <u>Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp.</u>, 248 F.3d 892 (9th Cir. 2001); <u>see also</u> <u>Herron v. Wells Fargo Fin. Inc.</u>, 299 Fed. Appx. 713 (9th Cir. 2008) (noting the district court properly applied the Rule 60(b) standard due to the timing of filing of the relevant motion for reconsideration).

The "four basic grounds upon which a Rule 59(e) motion may be granted [are]: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." <u>Allstate Ins. Co. v. Herron</u>, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing <u>McDowell v. Calderon</u>, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam) (internal quotation marks omitted)).

"Whether or not to grant reconsideration is committed to the sound discretion of the court." <u>Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation</u>, 331 F.3d 1041, 1046 (9th Cir. 2003). Generally, "a motion for reconsideration should not be granted, absent highly unusual circumstances . . . ." <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation and citation omitted).

A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." <u>Id.</u> (internal quotation and citation omitted). Moreover, "[m]otions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will

be subject to appropriate sanctions." LR 59-1.

### III.    DISCUSSION

#### A.  Objection to the Magistrate's Order

The Court agrees with the Magistrate Judge's order denying Plaintiff's Motion for Appointment of Counsel.

First, the Magistrate Judge's decision was not contrary to law. The decision correctly identified that Plaintiff does not have a constitutional right to appointment of counsel in this action. Id. (citing Lassiter v. Dep't of Soc. Servs. Durham Cty., 452 U.S. 18, 25 (1981)). Similarly, the Magistrate Judge used the correct exceptional circumstances standard. Id. (citing 28 U.S.C. § 1915(e)(1), Agyeman v. Corrs. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004), Weygandt v. Lookndt v. Look, 718 F.2d 952, 954 (9th Cir. 1983), and Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)). Plaintiff has not cited any contrary points of law. In sum, the Court finds that the Magistrate Judge's order was not contrary to law.

Second, Plaintiff is not responsive to the grounds upon which the Magistrate Judge based the order. Plaintiff asserts that his patent was stolen and provides allegations regarding his efforts to uncover the theft. This is inapposite. See Kearns v. Chrysler Corp., 32 F.3d 1541, 1550 (Fed. Cir. 1994) ("Because the rights flowing from a patent exist only for the term of the patent, there can be no infringement once the patent expires."). Plaintiff did not present evidence that would challenge the accuracy of Defendant Microsoft's exhibits nor provide evidence that the patent was still active. Further, the Magistrate's reasoning regarding the low likelihood of success on the merits aligned with this Court's eventual reasoning in the later short order. Taken together, the Court finds that the Magistrate Judge's order was not clearly erroneous.

Third, Plaintiff's objection to the Magistrate's order is untimely. Appeals of a pretrial, non-dispositive should be served and filed within 14 days of being served with a copy. Fed. R. Civ. Pro. 72(a). The Magistrate Judge's order was entered on CM/ECF on August 15, 2022. Notice was delivered by other means to Plaintiff. Plaintiff made no claim to have not been timely notified of the order. Yet, Plaintiff did not file the instant motion until December 8, 2022.

For the above reasons, the Court affirms the order of the Magistrate Judge.

**B.  MOTION FOR RECONSIDERATION**

On February 17, the Court preliminarily stated that it would issue a written order granting Defendant Microsoft's Motion to Dismiss the Amended Complaint. Plaintiff filed the instant Motion for Reconsideration. The Court issued a written ruling on March 20. As the instant motion was filed within 28 days of the Court's preliminary ruling, the Court will construe the motion as a timely Motion for Reconsideration. Therefore, pursuant to Fed. R. Civ. P. 59(e), Plaintiff must (1) show that the Court's Order contained manifest errors of law or fact, or (2) present new evidence that she could not have presented prior to March 9, 2022, or (3) demonstrate that failure to amend or alter judgment would result in manifest injustice or (4) point to a change in controlling law. Allstate Ins. Co., 634 F.3d at 1111.

Plaintiff makes several arguments. First, he argues that he was not served a copy of the order stating that a hearing would be held on February 17, 2023. Second, Plaintiff asserts that he is awaiting receipt of a copy of an FBI complaint he filed in 1997 regarding the alleged theft of his patent. Third, Plaintiff argues that his allegations that the patent was stolen, and that Defendant Microsoft financially benefited from that alleged theft distinguish this case from caselaw.

Defendant Microsoft argues the Motion for Reconsideration must be denied because Plaintiff has not presented any allegations that could change the Court's preliminary order nor has Plaintiff satisfied his burden. Further, Defendant argues that allegations related to a stolen provisional patent application documented in a 1997 report would be immaterial.

The Court finds Plaintiff's argument does not illustrate the "highly unusual circumstances" that demarcate a successful motion for reconsideration. Marlyn Nutraceuticals, 571 F.3d at 880 (internal quotation and citation omitted).

 First, while Plaintiff claims that newly discovered evidence may shift this Court's analysis, he cites to the same argument regarding the alleged theft of his patent raised in his Response to the Motion to Dismiss. The Court cannot, under Rule 59(e), amend its prior ruling to reconsider the same facts and arguments either in the record or already presented in the briefing by the parties.

Second, Plaintiff does not cite to any change in controlling law related to any of the claims

that would require the Court to vacate its prior Order. Plaintiff's argument that allegations of the theft of a patent and the financial profiting from a patent are enough to overcome both the absence of a valid patent and the relevant statute of limitations is unavailing. See Marlyn Nutraceuticals, 571 F.3d at 880 (stating that a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.") (internal quotation and citation omitted).

Because "a motion for reconsideration should not be granted, absent highly unusual circumstances" and Plaintiff has not presented new evidence or arguments that would allow the Court to revisit and vacate its prior order, Plaintiff's Motion is denied. Marlyn Nutraceuticals, 571 F.3d at 880 (internal quotation and citation omitted); Allstate Ins. Co., 634 F.3d at 1111.

## IV.   CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motion raising objections to the Magistrate Judge's Order (ECF No. 35) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (ECF No 40) is **DENIED**.

The Clerk of the Court is directed to close this case.


DATED September 25, 2023

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**