# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ABELARDO BERROTERAN,<br><br>Plaintiff,<br><br>v.<br><br>QUIRK AND TRATOS, *et al.*,<br><br>Defendants. | Case No. 2:21-cv-00396-RFB-EJY<br><br>**ORDER** |

Before the Court is *pro se* Plaintiff Abelardo Berroteran's Motion for Relief of Judgment (ECF No. 49) and his Emergency Motions for a Temporary Restraining Order (ECF No. 52) and Preliminary Injunction (ECF No. 53). For the following reasons, the Court denies each of Plaintiff's Motions.

## I. BACKGROUND

Plaintiff Berroteran initiated this patent infringement action by applying to proceed *in forma pauperis* ("IFP") and attaching a complaint on March 9, 2021. ECF No. 1. On January 3, 2022, Mr. Berroteran filed his Amended Complaint with Jury Demand against Defendants Quirk and Tratos, Western Global Communications, Paul Anderson, and Microsoft. ECF No. 19. In the Amended Complaint, Plaintiff alleged that in 1982 he began working on the "5 points perspective" measurement of space and time, and that he was eventually awarded a provisional patent. Id. Plaintiff alleges that various malfeasant actors, including former business partners and lawyers under contract, threatened his life, robbed him, and harmed him in their attempts to gain control of his invention. Id. Most of these alleged events took place in the 1990s. Id. Plaintiff alleges that Microsoft profits from his stolen patent. Id.

Defendants Quirk and Tratos, Western Global Communications, and Paul Anderson were never properly served with the Amended Complaint. See ECF No. 34. On July 13, 2022, Defendant Microsoft filed a Motion to Dismiss. ECF No. 25. On March 20, 2023, the Court granted the Motion to Dismiss with prejudice for lack of subject matter jurisdiction and for being untimely under the relevant statute of limitations. ECF No. 41. On September 25, 2023, the Court *inter alia* denied Plaintiff's Motion for Reconsideration of the Order granting dismissal. ECF No. 46. On March 25, 2024, Plaintiff filed the instant Motion for Relief of Judgment. ECF No. 49. On May 16, 2024, Plaintiff filed the instant Motions for a Temporary Restraining Order and Preliminary Injunction. ECF Nos. 52, 53. The motions are fully briefed. ECF Nos. 50, 51, 54, 55. The Court's Order follows.

## II. LEGAL STANDARDS

### a. Relief of Judgment

Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). "[T]he merits of a case are not before the court on a Rule 60(b) motion[.]" Casey v. Albertson's Inc., 362 F.3d 1254, 1261 (9th Cir. 2004). Rather, the circumstances are limited to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b); Hanson v. Shubert, 968 F.3d 1014, 1017 n.1 (9th Cir. 2020). A Rule 60(b) motion must be made within a reasonable time, and for reasons (1), (2), or (3), within no more than a year. Fed. R. Civ. P. 60(c)(1).

### b. Temporary Restraining Orders and Preliminary Injunctions

A temporary restraining order ("TRO") may be issued without notice to the adverse party only if the moving party: (1) provides a sworn statement clearly demonstrating "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (2) sets forth the efforts made to notify the opposing party and why

notice should not be required. Fed. R. Civ. P. 65(b)(1). TROs issued without notice "are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting Granny Goose Foods, Inc. v. Bhd. of Teamsters, 415 U.S. 423, 439 (1974)). The analysis for a temporary restraining order is "substantially identical" to that of a preliminary injunction. Stuhlbarg Intern. Sales Co, Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. 7, 20 (2008)). A preliminary injunction may also issue under the "serious questions" test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011) (affirming the continued viability of this doctrine post-Winter). According to this test, a plaintiff can obtain a preliminary injunction by demonstrating "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," in addition to the other Winter elements. Id. at 1134-35 (citation omitted).

### III. DISCUSSION

The Court considers each Motion in turn. For the reasons discussed below, the Court finds that Plaintiff is not entitled to the relief requested in any of Plaintiff's Motions.

**a. Motion for Relief of Judgment**

Plaintiff moves for relief of judgment under Federal Rule of Civil Procedure Rule 60(b)(3). Subsection 3 allows for relief of judgment on the basis of fraud, misrepresentation, or misconduct

by an opposing party. Fed. R. Civ. P. 60(b)(3). To prevail on a 60(b)(3) motion, "the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." De Saracho v. Custom Food Machinery, Inc., 206 F.3d 874, 880 (9th Cir. 2000).

Here, Plaintiff argues that relief of judgment is warranted because Defendant Microsoft committed fraud by misrepresenting his patented idea as their own. He states that Microsoft "present[ed] the XBOX as if it was their idea and the patent that was used to create the XBOX was not stolen." Effectively, Mr. Berroteran's argument is a repetition of the factual allegations underlying his original patent infringement claim. As such, Plaintiff uses the instant motion to argue the merits of the case rather than demonstrate that *the judgment itself* was unfairly obtained. Cf. id. ("Rule 60(b)(3) 'is aimed at judgments which were unfairly obtained, not at those which are factually incorrect.'") (quoting In re M/V Peacock, 809 F.2d 1403, 1405 (9th Cir. 1987)). To demonstrate that the judgment was unfairly obtained, Plaintiff must have shown that Microsoft's conduct "prevented [him] from fully and fairly presenting the case." Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1338 (9th Cir. 1986). In other words, Mr. Berroteran must have shown fraud, misrepresentation, or misconduct in the court proceedings, not in the alleged actions of Microsoft that gave rise to the suit. See id. Accordingly, the Court finds no evidence suggesting the judgement was obtained through fraud, misrepresentation, or misconduct.

Plaintiff additionally argues that he is entitled to relief of judgment on other grounds. Without explicit reference to the rule, Plaintiff argues that newly discovered evidence provides grounds for relief of judgment. Fed. R. Civ. P. 60(b)(2). Specifically, he states that a report filed with the FBI in 2000, delivered to him after the judgment in this action, shows "that he reported his patent was stolen prior to Defendant Microsoft developing the XBOX." A plaintiff prevails on a Rule 60(b)(2) motion where (1) they can show the evidence relied on in fact constitutes 'newly discovered evidence' within the meaning of Rule 60(b); (2) they exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of 'such magnitude that

production of it earlier would have been likely to change the disposition of the case.'" Feature Realty, Inc. v. City of Spokane, 331 F.3d 1082, 1093 (9th Cir. 2003).

Plaintiff's Motion fails to meet the first hurdle. The instant Rule 60(b) Motion is not the first time that Plaintiff addressed the report he filed with the FBI. In the Complaint, and in response to the Motion to Dismiss, Plaintiff alleged that he reported the stolen patent to the FBI before Microsoft released its product. The Court accepted those allegations as true. See Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014) (finding that, at the motion to dismiss stage, courts accept the plaintiff's factual allegations as true unless contested by the defendant). Despite accepting Plaintiff's uncontested allegations of the contents of the FBI report as true, the Court granted the Motion to Dismiss. Subsequently, Plaintiff moved for the Court's reconsideration, arguing that the forthcoming FBI report would "show that the Defendant receive[d] Plaintiff['s] stolen patent and designed the Xbox after Plaintiff reported it stolen to the FBI." The Court again rejected Plaintiff's assertion of newly discovered evidence because the Court had already considered his argument. Though Plaintiff now provides the report, he fails to produce any new argument that the Court overlooked. Simply put, the Court has repeatedly ruled that the FBI report cannot rescue Plaintiff's action. Because the Court has ruled as such, the Court finds that the report does not constitute "newly discovered" evidence.

Even if the Court were to find that the report constitutes newly discovered, Plaintiff nevertheless fails to meet the other hurdles. Mr. Berroteran had to show that he exercised due diligence to discover the FBI report. Though he states that he requested the document while this case was pending, he fails to explain why he was unable to retrieve the document earlier. Daghlian v. Devry Univ., Inc., 582 F.Supp. 2d 1231, 1235 ("[P]laintiff's failure to explain why he was unable to identify and locate [the evidence] . . . indicates a lack of due diligence.").

Lastly, Plaintiff had to demonstrate that the evidence would have been likely to change the merits of the case. The Court incorporates by reference here its previous orders regarding Defendant's Motion to Dismiss and Plaintiff's Motion for Reconsideration. Those prior orders reflect the Court's reasoning and holding that the FBI report does not alter the outcome of this case. Here again, for the reasons explained there, the Court finds the document unlikely to change

the merits of the case. The Court dismissed Plaintiff's patent infringement claim because (1) he does not hold an active patent and (2) it is barred by the statute of limitations. See Propat Int'l Corp. v. Rpost, Inc., 473 F.3d 1187, 1189 (Fed. Cir. 2007) (holding that a suit for patent infringement must "be brought by a party holding a legal title to the patent"); see also 35 U.S.C. § 281 (statute of limitations regarding patent infringement). The FBI report, on its face and as it has been represented by Plaintiff, is irrelevant to whether Plaintiff holds an active patent or why the statute of limitations should not apply. Accordingly, there is no reason for the Court to address the specific merits of Plaintiff's patent infringement claim where the law bars him from bringing it.

For the foregoing reasons, the Court finds that Plaintiff fails to demonstrate that relief of judgment is warranted under Rule 60(b).

### b. Motions for Temporary Restraining Order and Preliminary Injunction

Turning to Plaintiff's emergency motions, the Court finds that Plaintiff fails to demonstrate that he is entitled to a temporary restraining order or preliminary injunction because he cannot demonstrate a likelihood of success on the merits or irreparable harm.

The action for which Plaintiff requests a temporary restraining order and preliminary injunction has been dismissed. After dismissal, the Court denied Plaintiff's Motion for Reconsideration. Here, the Court denies Plaintiff's 60(b) Motion. As discussed above, the Court finds no evidence suggesting its rulings were in error or contrary to law. Accordingly, Plaintiff cannot demonstrate a likelihood of success on the merits for purposes of preliminary injunction or TRO when the case has been adjudicated. Indeed, without an operative complaint, this Court lacks jurisdiction over the defendants and cannot issue orders requiring any specific action from them. See Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Even if Plaintiff demonstrated a likelihood of success on the merits and the Complaint survived, Plaintiff's Motions also fail because Plaintiff does not satisfy the required showing of irreparable harm. See Wells Fargo & Co., 758 F.3d at 1071. Plaintiff only alleges economic harm,

*i.e.*, having "not been financially compensated at all" for Microsoft's infringement. Economic injury alone does not support a finding of "irreparable harm." See Idaho v. Coeur D'Alene Tribe, 794 F.3d 1039, 1046 (9th Cir. 2015) ("Purely economic harms are generally not irreparable, as money lost may be recovered later, in the ordinary course of litigation."). While economic harm may be considered irreparable under certain circumstances, none of them are present here. See id. (finding economic harm irreparable where sovereign immunity, or any other legal doctrine, would bar plaintiff from receiving monetary damages); see also In re Est. of Ferdinand Marcos, 25 F.3d 1467, 1480 (9th Cir. 1994) (finding economic harm irreparable where money damages are an inadequate remedy due to impending insolvency of the defendant). The Court thus finds that Plaintiff fails to demonstrate irreparable harm.

Alternatively, Plaintiff fails to show that he is entitled to a temporary restraining order or preliminary injunction under the "serious questions" test. See Cottrell, 632 F.3d at 1134. Specifically, Plaintiff fails to show (1) serious questions going to the merits and (2) a likelihood of irreparable injury. Id. at 1135. The first factor allows "a lesser showing than likelihood of success on the merits." All. For the Wild Rockies v. Pena, 865 F.3d 1211, 1217 (9th Cir. 2017). As described above, Plaintiff's claims are barred for several reasons and the Court finds no authority which allows Plaintiff to circumvent those barriers. Accordingly, Plaintiff does not meet the lowered standard of serious questions going to the merits of his claim. Additionally, the Court has already found that Plaintiff does not demonstrate irreparable harm. The Court finds that Plaintiff fails to satisfy the "serious questions" test.

For the foregoing reasons, Plaintiff fails to demonstrate that he is entitled to a temporary restraining order or preliminary injunction. See Winter, 555 U.S. at 22.

///
///
///
///
///
///

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Relief of Judgment (ECF No. 49), Emergency Motion for Temporary Restraining Order (ECF No. 52), and Emergency Motion for Preliminary Injunction (ECF No. 53) are **DENIED with prejudice**. The Clerk of Court is instructed to no longer accept filings in this now closed action.

**DATED:** March 27, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**